

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

Trinity I. S. D.
w. Walker Co. 287 S. W. )2d) 717
Opinion V-93, affirmed & sustained

February 3, 1954

Hon. R. H. Dent
County Attorney
Sabine County
Hemphill, Texas

Dear Mr. Dent:

Opinion No. S-121

Re: Reconsideration of Opinion
V-93 relative to distribu-
tion of national forest
receipts among the school
districts of the county.

You have asked us to reconsider Attorney
General's Opinion V-93 (1947) which construes Article
2351b-4, Vernon's Civil Statutes. That article pro-
vides:

"Whereas Congress has heretofore passed a
law which provides that thereafter twenty-five
per centum (25%) of all moneys received during
any fiscal year from each national forest shall
be paid at the end thereof by the Secretary
of the Treasury to the State or Territory in
which said forest is situated to be expended
as the State or Territorial Legislature may
prescribe for the benefit of the public schools
and the public roads of the county or counties
in which the national forest is situated, and
whereas the Legislature of the State of Texas
has not prescribed any method for prorating
said funds, now, therefore, be it enacted
that the Commissioners Courts of the counties
in Texas in which such national forests are
situated are hereby authorized to prorate all
such funds received and to be received from
the Federal Government for timber and all
other income derived from such lands as fol-
lows:

"Fifty per cent (50%) of such money re-
ceived shall be allocated to the school dis-
tricts in proportion to the area in said
district, and fifty per cent (50%) of same to

the county for the benefit of the public
roads in said county. Provided the Com-
missioners Court may transfer the fifty
per cent (50%) received by said Court to
the school districts."

It is the obvious intention of the Congress
and the Legislature to provide the funds above described
in lieu of the taxes lost to the counties and school dis-
tricts in which tax-exempt Federal Government forest
lands are located.

Forest lands owned by the Federal Government
are exempt from the tax levies of the counties and school
districts embracing such lands. The funds provided above
by the Congress and the Legislature obviously are intended
to recoup the counties and school districts in part for
the taxable values deprived them by the exemption. Att'y
Gen. Op. V-543 (1948). In the same manner that the funds
are prorated only to the counties in which such national
forests are situated, so also was it intended to be pro-
rated only to the school districts in which such national
forests are situated. The fifty per cent of such money
allocated to the school districts should be prorated to
each district in the proportion that the forest area in
the district bears to the total forest area within the
county. Consequently, a school district which has no
national forest land within its boundaries is not entitled
to participate in the funds appropriated by Congress for
payment to school districts losing tax money on exempt
land. Since Attorney General's Opinion V-93 (1947) is
in conflict with the holding herein, it is expressly
overruled.

## SUMMARY

National forest receipts received by a
county under Article 2351b-4, V.C.S., for
public school purposes, should be prorated
and transferred to the school districts
within the county in proportion to the

Hon. R. H. Dent, page 3 (S-121)

> national forest area in each district in
> relation to the total national forest area
> within the county.  Attorney General's Opin-
> ion V-93 (1947) is overruled.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

W. V. Geppert
Reviewer

Robert S. Trotti
First Assistant

John Ben Shepperd
Attorney General

BEL:am

JOHN BEN SHEPPERD
Attorney General

By Billy E. Lee

Billy E. Lee
Assistant